IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHNNY MCCLURE                                                                                PLAINTIFF

vs.                                          Civil No. 2:14-cv-02076

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Johnny McClure ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff filed his disability application on July 24, 2012.  (Tr. 12).  In his application, Plaintiff alleges being disabled due to a back injury, sleep apnea, a "spastic colon," and high blood pressure.  (Tr. 148).  Plaintiff alleges an onset date of June 28, 2012.  *Id.*  This application was denied initially and again upon reconsideration.  (Tr. 39-49).

Thereafter, Plaintiff requested an administrative hearing on his denied application, and this

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

hearing request was granted. (Tr. 66-79). On May 15, 2013, the ALJ held an administrative hearing to address Plaintiff's application. (Tr. 21-38). This hearing was held in Fort Smith, Arkansas. *Id.* Plaintiff was present at this hearing and was represented by counsel, Aaron Martin. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.*

After this hearing, on June 4, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 12-20). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 14, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 29, 2012, his alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: disorders of the back and obesity. (Tr. 14-15, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4). In his opinion, the ALJ made no findings regarding Plaintiff's age or education.[2]

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 7-20). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).

*Id.* The "full range of sedentary work" includes the following:

---

[2] Plaintiff's age and education were also not mentioned during his administrative hearing. (Tr. 21-38).

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (2012).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19-20, Finding 6). The VE testified at the administrative hearing on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a production worker on an assembly line (light, unskilled as generally performed and sedentary, unskilled as actually performed). *Id.* The ALJ also found Plaintiff retained the capacity to perform this PRW. *Id.* Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 24, 2012 through the date of his decision. (Tr. 20, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-6). On March 4, 2014, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed the present appeal on April 3, 2014. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 7, 2014. ECF No. 5. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff argues the ALJ's decision is not supported by substantial evidence. ECF No. 8. Plaintiff specifically argues that the ALJ erred in his credibility determination. *Id.* Upon review, the Court agrees with Plaintiff's argument and will only address this issue on appeal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements from *Polaski* or 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 7-20). Instead, the ALJ provided the following cursory statement when he decided to discount Plaintiff's subjective complaints of disabling limitations:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 17). The only other "inconsistencies" the ALJ provided were the following: (1) Plaintiff "filed for disability less than a month after his job at Whirlpool ended"; (2) Plaintiff "admitted that he had not tried to find another job"; and (3) Plaintiff had not lost weight even though he had been advised by a doctor to do so. (Tr. 19). The Court will address each of these issue separately.

First, although Plaintiff did quickly apply for disability after his job ended, the ALJ did not explain why this lessens Plaintiff's credibility. Notably, the ALJ entirely ignored the fact that Plaintiff worked for Whirlpool for *over twenty-eight years* and may have immediately needed the money. (Tr. 24). Further, Plaintiff testified at the administrative hearing in this matter that he had been unable to fully perform his job prior to his job ending. (Tr. 27). Plaintiff testified his coworkers helped give him "extra breaks" so that he was able to continue working. (Tr. 27). Thus, Plaintiff may have been disabled even before his job ended, and the Court finds the fact Plaintiff quickly applied for disability does not detract from his credibility.

Second, the ALJ discounted Plaintiff's subjective complaints because Plaintiff did not attempt to find another job. (Tr. 24). The ALJ is correct in his finding that Plaintiff did not attempt to find another job. However, Plaintiff also testified he did not attempt to find another job because he "physically can't do it anymore." *Id.* Such a statement is certainly consistent with this claim that he is no longer able to work.

Third and finally, the ALJ found Plaintiff was not credible because he did not lose weight despite the fact he had been advised by a doctor to lose weight. (Tr. 19). The ALJ, however, has not demonstrated that Plaintiff's failure to lose weight was wilful or that Plaintiff's obesity could be remedied. *See Stone v. Harris,* 657 F.2d 210 (8th Cir. 1981). "The proper question for the agency [SSA] is not whether . . . [the claimant's] . . . obesity is in some clinical sense remediable, but

7

whether . . . [the claimant's] . . . obesity is *reasonably remediable*." *Id.* (emphasis added).

In the present case, Plaintiff testified he had attempted to lose weight but had been unsuccessful. (Tr. 35-36). Specifically, at the administrative hearing in this matter, Plaintiff testified he has had trouble exercising due to his injuries, he has had difficulty maintaining a diet, and was not a candidate for surgery to reduce his weight. *Id.* Thus, based upon this evidence and because Plaintiff testified he made an effort to lose weight but was unable to do so, the ALJ has not demonstrated Plaintiff's obesity was "reasonable remediable," and the ALJ should not have supplied this as a basis for his decision to discount Plaintiff's subjective complaints. Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of March 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.